IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-HC-2099-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| PHILIP KATON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's 23 June 2010 motion to dismiss the government's petition for his commitment as a sexually dangerous person pursuant to 18 U.S.C. § 4248. (DE # 8.) On 23 November 2010, respondent filed a supplemental memorandum in support of the motion to dismiss. (DE # 11.) Petitioner has responded and opposes the motion. The matter is ripe for ruling.

On 17 May 2010, the United States Supreme Court, in United States v. Comstock, 130 S. Ct. 1949 (2010), upheld 18 U.S.C. § 4248 as valid under the Necessary and Proper Clause and remanded the case to the Fourth Circuit Court of Appeals for further proceedings. On remand, the Fourth Circuit rejected the contention that § 4248 violates the Due Process Clause. United States v. Comstock, 627 F.3d 513, 518, 524 (4th Cir. 2010).

The prior litigation in Comstock either directly or indirectly forecloses many of the arguments made by respondent in his motion to dismiss. His remaining arguments are largely contained in his supplemental memorandum. Respondent first argues that his commitment under § 4248 is "premature and unnecessary because he has an unserved term of supervised release that will allow him the opportunity to show that such commitment is not warranted." (Mem.

Supp. Mot. Dismiss, DE # 11, at 2.)

Respondent relies heavily on the recent decision in United States v. Broncheau, — F. Supp. 2d —, 2010 WL 4484635, at *6 (E.D.N.C. Oct. 29, 2010), appeal docketed, No. 10-7611 (4th Cir. Nov. 18, 2010), which granted the respondents' motions to dismiss the § 4248 actions filed against them and held that "when a respondent has not completed his sentence because he has a remaining term of supervised release, the use of [18 U.S.C.] section 4241 is the proper way to initiate proceedings under [section 4248]." The court found that "because section 4241 requires an initial hearing and period of evaluation before determining whether to proceed under section 4248, section 4241 provides adequate notice to the respondent of the contended basis for his commitment." Id. at *7. The court further determined that the initial hearing and limited period of commitment contemplated by section 4241, "akin to an initial appearance and speedy trial in the criminal context, affords a respondent due process in the form of a timely evaluation of whether there is reasonable cause to believe that the respondent may meet the criteria for section 4248 commitment." Id. at *9 (internal quotation marks omitted). The court concluded that "[t]he use of section 4241 . . . affords a respondent the appropriate level of due process to which he is entitled . . . ." Id. In making its decision, the court also referred to Timms v. Johns, 700 F. Supp. 2d 764, 770 (E.D.N.C.), vacated, 627 F.3d 525 (4th Cir. 2010), where it had determined that § 4248 "fails to provide procedural and evidentiary protections sufficient to satisfy procedural due process, on its face and as applied." Broncheau, 2010 WL 4484635, at *4.

The district court's decision in Broncheau was entered on 29 October 2010 and is currently on appeal. Subsequent to the district court's ruling, the Fourth Circuit issued two decisions that have a significant impact on the validity of Broncheau. On 6 December 2010, the

2

Fourth Circuit vacated the district court's decision in Timms and also issued its most recent opinion in the Comstock case. See Timms v. Johns, 627 F.3d 525 (4th Cir. 2010); United States v. Comstock, 627 F.3d 513 (4th Cir. 2010). The Fourth Circuit's decision in Comstock, 627 F.3d at 518, 524, makes it clear that § 4248 establishes a civil, not criminal, commitment scheme and that § 4248 does not violate the Due Process Clause. Thus, the due process rationales underpinning Broncheau have been substantially weakened, if not irrevocably undercut, by the recent decisions of the Fourth Circuit. As a result, the court simply cannot agree with respondent that his motion to dismiss should be granted based on the reasoning in Broncheau.

Next, respondent argues that even though § 4248 provides a means of conditionally releasing sexually dangerous persons into the community, see 18 U.S.C. § 4248(e)(2), "this approach will not ensure that [respondent] will ever have the opportunity to be released from custody." (Mem. Supp. Mot. Dismiss, DE # 11, at 4.) Respondent's supplemental memorandum suggests that, in practice, conditional release is only available at the discretion of the Bureau of Prisons ("BOP"). (Id.) He maintains that the BOP will conditionally release him only if the BOP's criteria are met, housing is found, and the appropriate probation officer approves of the release.

Respondent's argument is incorrect.[1] The authorization of conditional release under § 4248 does not lie solely in the hands of the BOP. Rather, the statute provides a court with discretion to authorize conditional release, and a respondent may ask the court for a hearing on such a request at any time 180 days after the court denied his last request. See 18 U.S.C. §§ 4247(h), 4248(e); Comstock, 627 F.3d at 521-22 ("[A] committed person's counsel or guardian

---

[1] The court also notes that respondent's argument is premature because he has not yet been committed pursuant to § 4248.

may . . . ask the court to order discharge and, if denied, renew this request repeatedly every 180 days after a denial.").

Respondent also argues that "the stigma of being labeled a 'sexually dangerous person' is a lifelong burden that [an] individual[] must endure above and beyond the requirements to register as a sex offender." (Mem. Supp. Mot. Dismiss, DE # 11, at 5.) However, as the Fourth Circuit has explained, "there is no constitutional right to be free from stigma." Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138, 147 (4th Cir. 2009) (citing Paul v. Davis, 424 U.S. 693, 706-10 (1976)). As a result, respondent's argument is without merit.

Furthermore, respondent asserts that the certification process under § 4248 violates the Equal Protection Clause. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (internal quotation marks omitted).[2] Ordinarily, when a statute is challenged under the Equal Protection Clause, the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute at issue is rationally related to a legitimate governmental interest. Id. at 440; Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002). However, a statute that implicates a fundamental right or a suspect class triggers the more demanding "strict scrutiny" test and will be sustained only if it is narrowly tailored to serve a compelling government interest. City of Cleburne, 473 U.S. at 440.

---

[2] If a classification would violate the Equal Protection Clause of the Fourteenth Amendment, then it also violates the Fifth Amendment's Due Process Clause as a matter of law. See Johnson v. Robison, 415 U.S. 361, 364 n.4 (1974).

4

The United States Supreme Court has not squarely addressed the level of scrutiny that should be applied in cases involving challenges to civil commitment statutes. See Hubbart v. Knapp, 379 F.3d 773, 781 (9th Cir. 2004). Respondent argues that strict scrutiny must be applied to an unequal classification in a law that restricts liberty. However, several lower federal courts have discussed this issue in the context of challenges to § 4248 and have concluded that the rational basis standard of review applies. See United States v. Coho, No. 09-CV-754-WJ, 2009 WL 3156739, at *7 (D.N.M. Sept. 18, 2009); United States v. Shields, 522 F. Supp. 2d 317, 340 (D. Mass. 2007); United States v. Carta, 503 F. Supp. 2d 405, 408 (D. Mass. 2007), aff'd, 592 F.3d 34, 44 (1st Cir. 2010). The court adopts the reasoning of these decisions and finds that the rational basis standard of review should be applied to this case.

Here, respondent devotes only one paragraph of his supplemental memorandum to his equal protection argument. In a cursory allegation, respondent asserts that

> [t]he government has not provided any indication that it is reviewing every individual in the custody of the Bureau of Prisons . . . to determine whether to certify them under § 4248. Accordingly, respondent, and this Court, have no way of knowing whether the government is certifying individuals in a completely arbitrary manner in violation of equal protection.

(Mem. Supp. Mot. Dismiss, DE # 11, at 6 (internal quotation marks omitted).)

It is not necessary to spend much time dispensing with this perfunctory argument. The court finds that respondent does not carry his burden of proof on this issue. Applying the rational basis standard, "[a] statute is presumed constitutional, . . . and the burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it[.]" Heller v. Doe, 509 U.S. 312, 320 (1993) (original alteration, citation and internal quotation marks omitted). Furthermore, the mere failure to prosecute other offenders is no basis for a

5

finding of denial of equal protection. "[T]he conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." Oyler v. Boles, 368 U.S. 448, 456 (1962); see also Heller, 509 U.S. at 321 ("A classification does not fail rational-basis review because it is not made with mathematical nicety or because in practice it results in some inequality." (citation and internal quotation marks omitted)); Thomasson v. Perry, 80 F.3d 915, 930-31 (4th Cir. 1996) (same).[3] As a result, the court rejects respondent's equal protection challenge.

Respondent also argues that the § 4248 certification process violates his right to a grand jury, to a speedy and public trial, and to be informed of the nature of the charges against him. Respondent insists that the certification process "initiates criminal, and not civil, proceedings." (Mem. Supp. Mot. Dismiss, DE # 11, at 7.) However, as previously mentioned, the Fourth Circuit's recent decision in Comstock, 627 F.3d at 518 & n.1, makes it clear that § 4248 establishes a civil commitment scheme. Thus, respondent's contentions are without merit.

Finally, respondent argues that the certificate filed by petitioner in order to initiate the commitment process does not establish the requisite showing of mental illness and dangerousness required by § 4248 and by due process. Again, the court cannot accept respondent's argument. The certification requirement within § 4248 initiates the commitment

---

[3] In addition, in his initial memorandum in support of the motion to dismiss, respondent incorporates by reference an equal protection argument made in a similar motion in the Comstock case. (See Mot. Dismiss, DE # 8, at 2.) The court notes that on any future motion in this case, it will not consider an argument simply incorporated by reference. In this argument, respondent asserts that § 4248 violates his right to equal protection because the statute bears no rational relationship to the government's goal of protecting the public from sexually dangerous persons. Essentially, it appears that respondent is arguing that all federal prisoners are impermissibly singled out by the statute for possible commitment. He argues that the government cannot use one's status as a prisoner to control whether or not the person may be subject to a civil commitment hearing. However, respondent's argument fails because "sexually dangerous persons in the custody of the federal government are not similarly situated to sexually dangerous persons not charged with a federal crime or serving a federal sentence." Shields, 522 F. Supp. 2d at 341; see also Coho, 2009 WL 3156739, at *7; Carta, 503 F. Supp. 2d at 408, aff'd, 592 F.3d at 44.

process by requiring the Director of the BOP to certify a person as sexually dangerous based upon the individual's medical information and criminal history. The statute details the procedures for filing the certificate:

> (a) Institution of proceedings.– In relation to a person who is in the custody of the [BOP], or who has been committed to the custody of the Attorney General pursuant to section 4241(d), . . . the Director of the [BOP] may certify that the person is a sexually dangerous person, and transmit the certificate to the clerk of the court for the district in which the person is confined. . . . The court shall order a hearing to determine whether the person is a sexually dangerous person. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.

18 U.S.C. § 4248(a). However, the statute does not set forth specific substantive requirements regarding the content of the certificate. The certificate filed in this case described some of respondent's past acts of sexually violent conduct or child molestation, listed his mental diagnoses based on a limited psychological review and assessment, and summarized the basis for thinking that he would be dangerous in the future. (DE # 1-1.) Respondent fails to specifically explain why such a notice is inadequate. See Carta, 592 F.3d at 43-44 (finding that respondent failed to explain why the § 4248 certificate filed by petitioner was constitutionally inadequate).

Furthermore, as the introductory phrase to § 4248(a) indicates, the filing of the certificate merely triggers the institution of proceedings. After the certification, a respondent receives additional information regarding the basis of the certification through the discovery process. See e.g., Fed. R. Civ. P. 26; Standing Order on Procedures for Commitments Under 18 U.S.C. § 4248, 10-SO-1, at 3-6 (E.D.N.C. Aug. 4, 2010). The documents provided by the United States in discovery will give a respondent information about his certification, the opportunity to investigate that process, and the opportunity to challenge or explain the underlying information. In addition, a court may order a forensic examination that, in conjunction with the certificate,

7

provides a respondent with additional notice of the factual and diagnostic bases of the underlying certificate. See 18 U.S.C. §4248(b). Thus, the certificate filed pursuant to § 4248(a) is only the first step of the process that provides a respondent with the information necessary to prepare for a hearing. As a result, the court finds that the certificate filed in this case provides adequate notice of the proposed basis of commitment.[4]

Accordingly, respondent's motion to dismiss is DENIED.

This 18 March 2011.

                              W. Earl Britt
                              Senior U.S. District Judge

---

[4] Respondent also contends as part of this argument that "[t]he science upon which the certificate relies simply cannot and does not demonstrate that respondent must be detained." (Mem. Supp. Mot. Dismiss, DE # 11, at 7.) However, the United States Supreme Court has recognized that there are statistics which demonstrate that sex offenders "are much more likely than any other type of offender to be rearrested for a new rape or sexual assault." McKune v. Lile, 536 U.S. 24, 33 (2002).