FILED IN OPEN COURT
ON 8/26/2011
Dennis P. Iavarone, Clerk
US District Court
Eastern District of NC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:08-HC-2099-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| PHILIP JAMES KATON, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on Petitioner's Motion for Voluntary Dismissal With Prejudice With Leave of Court (D.E. 32), and the Amended Settlement Agreement, dated today (*i.e.*, 26 August 2011), entered into between the parties and filed contemporaneously herewith.[1] Pursuant to the referral of the presiding Senior District Judge (*see* Minute Entry after D.E. 33) and with the written consent of the parties filed contemporaneously herewith, the undersigned conducted a hearing today to determine whether the Amended Settlement Agreement was knowingly and voluntarily entered into. Respondent was present, along with his counsel and counsel for the government. At the hearing, the court confirmed through direct questioning of respondent under oath and, where appropriate questioning of his counsel, the following matters, among others: respondent's competence to proceed with the hearing; respondent's satisfaction with the services his current counsel has provided him generally and with respect to the Amended Settlement Agreement in particular; respondent's review of the Amended Settlement Agreement with his counsel;

---

[1] By its terms, the Amended Settlement Agreement supersedes the Settlement Agreement, dated 25 August 2011, which was filed as attachment A (D.E. 32-1) to the government's motion. (Am. Settle. Agree. ¶ 1). The Amended Settlement Agreement does not differ materially from the Settlement Agreement initially filed. The changes are to refer to the amended judgment, rather than the original judgment, in the underlying criminal case and to acknowledge respondent's abandonment of a motion he has pending in that case. (*See* Am. Settle. Agree. ¶ 3).

respondent's understanding of and agreement to the terms and conditions of the Amended Settlement Agreement, which the court reviewed with respondent paragraph by paragraph; the absence of any promise or assurance to respondent to induce him to enter into the Amended Settlement Agreement not stated in the Amended Settlement Agreement; and the absence of any attempt to force respondent to enter into the Amended Settlement Agreement. The court also made appropriate inquiry of counsel for the government regarding the voluntariness of the Amended Settlement Agreement and related matters.

Based on the proceedings at the hearing, the court FINDS that respondent was fully competent to enter into the Amended Settlement Agreement and that he knowingly and voluntarily did so after having an adequate opportunity to confer with counsel; and that the government also knowingly and voluntarily entered into the Amended Settlement Agreement.

IT IS THEREFORE RECOMMENDED that the court:

1. allow the government's motion;

2. dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(2), in accordance with the Amended Settlement Agreement;

3. order that the stay of respondent's release from Bureau of Prisons custody be lifted and that respondent be released from Bureau of Prisons custody forthwith; and

4. order that respondent report to the United States Probation Office for the District of Vermont within 72 hours of his release, in accordance with the amended criminal judgment entered by that court in the case of *United States v. Philip Katon*, Docket No. 1:03-CR-110, on 15 May 2006 (D.E. 35).

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 29 August 2011 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections is due no later than 30 August 2011.

This, the 26 day of August 2011.

James E. Gates
United States Magistrate Judge